[No. 23371. Department One. November 13, 1931.]

NICK JACKLIN *et al., Respondents,* v. NORTH COAST
TRANSPORTATION COMPANY *et al., Appellants,*
NORTHEAST TRANSPORTATION COMPANY
*et al., Defendants.*[1]

[1]Reported in 5 P. (2d) 325.

*Whittemore & Truscott,* for appellants.

*Allen & Walthew,* for respondents.

HERMAN, J.—Plaintiffs sued for damages on account of injuries sustained August 20, 1929, by plaintiff Pauline Jacklin when she was a passenger in a bus belonging to and operated by the Northeast Transportation Company, in the city of Seattle. At the time of the accident, she was sitting on a seat extending cross-wise at the rear of the bus. In compliance with a traffic signal at the intersection of Stewart street and Westlake avenue, the bus came to a stop, and shortly thereafter was struck in the rear by a bus operated by defendant North Coast Transportation Company. The bus in which plaintiff was riding carried a spare tire on the rear, which served as a bumper in the collision, and because of this no damage was done to either bus.

The testimony of witnesses for plaintiffs and defendants differed as to the jar caused by the collision. No one complained to the driver of the bus which was struck until twenty-five or thirty minutes later, when plaintiff Pauline Jacklin, as she was about to leave the bus, told the driver that her back had been hurt.

Defendants introduced testimony to show that the North Coast bus was equipped with air brakes and hand brakes, both capable of controlling the bus, and both in good condition at the time the bus started on the trip in question. At all stops made prior to the collision, the air brakes worked perfectly, and the air gauge showed proper pressure. The North Coast bus was about thirty feet behind the bus in which plaintiff

Pauline Jacklin was riding when the latter bus stopped in response to a traffic signal at Stewart street and Westlake avenue. The North Coast driver applied his air brake, but it failed to work, the brake pedal going all the way down with no effect. He looked at the air gauge and watched it go suddenly from one hundred pounds pressure to nothing. He then reached for the hand brake and applied it, but not in time to prevent his bus from striking the bus in which plaintiff Pauline Jacklin was riding. An examination of the North Coast bus, after it was taken to the garage, showed the copper diaphragm for the air compressor was cracked.

Defendants Northeast Transportation Company and United Pacific Casualty Company, a corporation, challenged the sufficiency of the evidence to make out a cause of action against them, which challenge was sustained, and a judgment of dismissal as to them was entered thereon.

The case was tried to a jury, which returned a verdict for seven thousand five hundred dollars against the defendant North Coast Transportation Company, which sum included five thousand dollars payable by the Occidental Indemnity Company as surety for the defendant North Coast Transportation Company. Judgment was entered on the verdict, and the defendants North Coast Transportation Company and Occidental Indemnity Company appeal.

The first three assignments of error are that the trial court erred (1) in denying appellants' challenge to the sufficiency of the evidence and motion for dismissal at the close of all the evidence; (2) in denying appellants' motion for judgment notwithstanding the verdict; and (3) in making and entering judgment on the verdict. These may be discussed collectively.

In support of their position, appellants cite 1 Blashfield Cyclopedia of Automobile Law, p. 280:

"§ 26. *Latent Defects in Automobile.* The owner or operator of an automobile is not liable for an accident resulting from a collision, if such accident is occasioned solely by latent defects in materials employed in the construction of the machinery of the automobile which the usual and well-recognized tests afforded by science and art for the purpose fail to detect."

 Appellants argue that the sole cause of the accident was the defect in the air brake. We cannot so hold as a matter of law. The question as to whether or not appellant North Coast Transportation Company's bus driver was negligent was properly submitted to the jury. There was testimony that the bus of appellant North Coast Transportation Company, weighing five thousand nine hundred pounds, was being driven downhill at approximately fifteen miles an hour, following at a distance of about thirty feet the bus of Northeast Transportation Company, which was headed toward a street intersection at which there was a traffic signal. Evidence was introduced that, after appellant's driver found the brake defective, he looked at the gauge and watched the air go down, and that some time intervened between the time the air brake failed to respond and the emergency brake was applied.

The following answers were given by appellant's driver, Mr. Roy, to questions by respondent's counsel:

"Q. As I understood you on direct examination . . ., I understood you to say that you were thirty feet from the other bus when you found your air was off? A. Yes, sir, discovered. Q. And that you reached immediately for the emergency? A. No, sir, there is a point there,—I discovered my air was gone and by that time I travelled some distance before I could make my connections."

There was also evidence that appellant's bus ran into the bus in which respondent wife was riding, and did not avoid it by turning aside, although the driver testified there was so much traffic he could follow but one course. In view of the evidence in this case, the trial court was correct in refusing to hold, as a matter of law, that respondent was not entitled to recover.

■ Appellants' objection that the medical testimony of Dr. Guthrie is based upon speculation and conjecture is not well taken. The mere fact that, in giving his testimony, a doctor uses the word "probably," does not necessarily mean that the testimony is based upon speculation or conjecture. In this case, the doctor based his opinion upon his general knowledge, treatment and observation of the case. The doctor testified that the respondent's condition would probably be progressive, that is, become worse, as it had done during the past year and a half. He testified that her condition had been progressive, she seemed to be worse, at the time of the trial her weight was less, there was more weakness, she was nervous, and the chances were such progression would continue. The testimony is not open to appellants' objection.

■ The trial court refused to give the following requested instruction:

"You are instructed that the plaintiffs have failed to produce any evidence as to the speed of the stage contributing in any way to the accident, and you are, therefore, instructed to disregard the matter of the speed of the stage entirely."

Instead, the court gave the following instruction:

"You are instructed that section 92 of ordinance No. 53223 of the city of Seattle provides as follows:

" 'Every person operating or driving a vehicle of any character upon a public highway of this city shall drive the same in a careful and prudent manner and at a rate of speed no greater than is reasonable and

proper under the conditions existing at the point of operation, taking into account the amount and character of the traffic, conditions of the brakes, weight of vehicle, grade and width of highway, condition of surface and freedom of obstruction to view ahead and so as to not unduly or unreasonably endanger the lives, limbs, property or other rights of any person entitled to the use of the street or highway, and in no event at a speed greater than twenty-five miles per hour.'

"In this connection, you are instructed that the violation of the provisions of said ordinance is a violation of a rule of positive law and is negligence in itself."

The trial court was correct in refusing to give the requested instruction. The instruction given was a correct statement of the law, and there was testimony upon which such an instruction could be submitted.

██ Exception was taken by appellants to instruction number six, which was as follows:

"You are instructed that it is the duty of an operator of a motor vehicle to operate such vehicle at all times at such reasonable rate of speed and in such a manner that it can be stopped within a reasonable distance before striking objects in front. In this connection I also instruct you that section 15 of ordinance No. 53223 of the city of Seattle provides:

" 'No person shall drive a motor vehicle without a brake or brakes sufficient to bring and capable of bringing such vehicle, together with any trailer that may be attached thereto, to a full and complete stop within forty feet when the same is traveling at the rate of twenty miles per hour; sixty feet when the same is traveling at the rate of twenty-five miles per hour; and eighty-five feet when the same is traveling at the rate of thirty miles per hour.'

"A violation of said provision of said ordinance is a violation of a rule of positive law and is negligence in itself. So if you find by a fair preponderance of the evidence that the agent of the North Coast Transportation Company was driving a motor bus belonging to

said company, and that at said time said motor bus was not equipped with brakes in compliance with said ordinance, and that such violation was proximately the cause of the accident, and of the injuries, if any, complained of by plaintiff, then your verdict should be for the plaintiff and against the defendant North Coast Transportation Company.''

The instruction was good, as there was sufficient evidence in the record to justify it on the theory which it embodies. It is maintained that the part of the instruction pertaining to the requirement of operators of motor vehicles to drive at a reasonable rate of speed and in such a manner that the vehicle can be stopped within a reasonable distance before striking objects in front, was inapplicable and not justified by the evidence. With that we cannot agree.

It is also maintained that the instruction did not contain a restriction of liability in conformity with the defense of a latent defect. That objection entirely disappears when consideration is given to the admonition by the court in the instruction on the subject of latent defects.

Appellants contend that, because it was shown that the bus was equipped with two independently operated brakes, there was no justification for the following instruction:

"You are instructed that section 15 of ordinance No. 53223 of the city of Seattle provides:

" 'Vehicles or combinations of vehicles having two, three or four axles, shall be equipped with two independently operated brakes controlling the wheels of one axle, either of which shall be capable of controlling the vehicle or combination of vehicles at all times.'

"A violation of said provision of said ordinance is a violation of a rule of positive law and is negligence in itself. So, if you find by a fair preponderance of the evidence that the bus of the North Coast Transpor-

tation Company, at the time of the accident in question, was not equipped as required in said ordinance, and that such failure was the proximate cause of the accident, and of the injuries, if any, complained of by the plaintiff, that then your verdict should be for the plaintiff and against said defendants.''

There was evidence from which the jury were warranted in believing the emergency brake was not capable of controlling the bus at all times. The instruction was properly given.

Appellants assign as error the giving of the following instruction:

''You are instructed that it is the duty of one operating an automobile to do so in a careful and prudent manner, and when following behind another vehicle he should proceed at such a speed and at such a distance from the vehicle ahead as will permit him to avoid a collision in the event the automobile ahead may be required to come to a sudden stop, irrespective of whether or not the driver of the preceding vehicle gives any signal of his intention so to stop. He is bound to anticipate that the automobile or vehicle ahead might be required to stop by traffic regulations, and it is his duty to look out and be prepared for a stop on the part of the automobile ahead required by any traffic signal or regulation, and to keep at such a distance and to maintain such control of his automobile as to enable him to stop without hitting the vehicle ahead.''

The instruction embodied a correct statement of law and, in view of testimony that had been introduced, must be approved.

There is some contention the verdict was excessive. While testimony differed as to the extent of Pauline Jacklin's injuries, there was testimony which, if believed by the jury, would justify the verdict.

Failure to grant a new trial is assigned as error. No error of law having been called to this court's attention, and there being no evidence of an abuse of dis-

244

cretion on the part of the trial court, we see no reason for granting a new trial.

The judgment will be affirmed.

TOLMAN, C. J., MITCHELL, PARKER, and BEELER, JJ., concur.