[No. 23535.    Department One.    April 8, 1932.]

RUDOLPH SEBERN, *a minor, by Ralph Sebern, his guardian ad litem, Respondent,* v. NORTHWEST CITIES GAS COMPANY *et al., Appellants.*

RALPH SEBERN *et al., Respondents,* v. NORTHWEST CITIES GAS COMPANY *et al., Appellants.*[1]

[1]Reported in 10 P. (2d) 210.

*Grant S. Bond, M. A. Marquis,* and *Ralph S. Pierce,*
for appellants Northwest Cities Gas Co. *et al.*

*McCarthy & Edge* and *Sharpstein & Smith,* for appellants Tausick & Kauffman *et al.*

*E. L. Casey,* for respondents.

HERMAN, J.—Rudolph Sebern, a minor, brought suit by Ralph Sebern, his guardian ad litem, against the defendants for injuries sustained in a collision. Ralph Sebern and Grace Sebern, parents of the minor, sued the defendants for expenses incurred for medical attention and care of the injured boy. The causes were consolidated for trial, the only difference in the two cases relating to the elements of damages claimed. A trial resulted in judgments for plaintiffs, from which defendants have appealed.

Appellants Northwest Cities Gas Company and Edward M. Clark, driver for the gas company, are conducting one appeal, and appellants Eugene Tausick and J. J. Kauffman, doing business as Tausick & Kauffman, and Roy Smith, driver of their coal truck, have also appealed. Both groups of appellants assign as error denials of motions for judgment for each group of defendants at the close of plaintiff's evidence and after the termination of all the evidence, and denial by the court of the motions of each group of appellants for judgment notwithstanding the ver-

dict. The disposition of these assignments of error requires a consideration of the evidence.

Respondent Rudolph Sebern, an eleven year old boy, was riding his bicycle in the intersection of Colville and Rose streets, in the city of Walla Walla, immediately prior to the accident out of which his injuries arose, which occurred at about 1:45 p. m., October 25, 1930. In support of respondent's right to recover, testimony was introduced which was in substance as follows:

Rudolph Sebern, riding his bicycle, entered Colville street from the east, emerging from an alley, crossed the street to the west side and proceeded south on that street toward the intersection of Colville and Rose streets. At that time, a coal truck owned by appellants Tausick and Kauffman, and driven by their employee, Roy Smith, was proceeding in a southerly direction on Colville street. After the boy crossed the street, and when he started toward the south, the coal truck was approximately seventy feet behind him.

At the same time, a truck owned by appellant Northwest Cities Gas Company, and driven by appellant Edward M. Clark, was proceeding along Rose street in an easterly direction, approaching the intersection of Rose and Colville streets. The boy continued on his course south about six or eight feet from the west curb, with the knowledge that the coal truck was behind him. What next happened is set forth by the testimony of the boy, as follows:

"I went until I came about to the intersection, and then I seen the gas company truck, and then I looked back for a second to see what the other truck was doing, and I seen the gas truck start to slow up, and then I looked back, and when I looked back again the gas truck had stopped. Then I did not have time to turn or think or anything, and I bumped up against the gas company truck and fell back. Then I tried to get up,

and the Tausick-Kauffman truck came and ran over me. Q. When you bumped against the gas company truck were you hurt? A. No, I do not believe I would have been hurt if that was all that happened. Q. If that was all that happened? A. No, I would not have been hurt if that had been all that had happened."

After the boy struck the gas truck and fell with his bicycle, the coal truck continued on its course and ran into the boy as he was attempting to rise. Appellant Roy Smith, the driver of the coal truck, testified that, from the time the boy came out of the alley until the coal truck collided with the gas truck, he neither increased nor diminished the speed of his truck. He testified at the trial that, in the report to the police department, he had not stated that his speed was ten miles per hour, but upon the report being submitted to him for inspection, he admitted that it showed his speed as ten miles per hour, and that it contained a statement that he did not give a warning.

This same witness testified that, when he approached the intersection, the boy was from twenty to twenty-five feet ahead of him, and that, when the boy struck the gas company's truck, the witness was unable to stop his truck within twenty-five feet, notwithstanding the low speed at which it was moving. The surface of the intersection and of the streets approaching it was dry at the time of the accident, and the boy and the coal truck were both traveling slightly upgrade. The route of the gas truck was likewise slightly uphill.

Mr. A. W. Hale, an eyewitness to the accident, testified as follows:

"Q. Was there anything on the street there, Mr. Hale, any vehicle or other obstruction on the street on Colville street? East of the intersection of Rose were there any obstructions there to prevent the coal truck from turning to the left? A. No, there was plenty of room there. . . . Q. You saw the situation in the

street there, what is your judgment as to whether or not the driver of the coal truck could have turned to the left around the corner and have avoided the accident? A. It looked to me like he got excited and drove right into him.''

The trial court was correct in refusing to hold, as a matter of law, that Rudolph Sebern was guilty of contributory negligence. There was ample testimony of primary negligence on the part of the driver for appellants Tausick and Kauffman. It is the duty of the driver of an automobile to drive in such a manner that the vehicle can be stopped within a reasonable distance before striking objects in front of it. *Jacklin v. North Coast Transportation Co.,* 165 Wash. 236, 5 P. (2d) 325. It was not error for the trial court to deny the motions for a directed verdict and the motion for judgment notwithstanding the verdict made on behalf of appellants Tausick, Kauffman and Roy Smith.

Appellant Edward M. Clark, driver for appellant Northwest Cities Gas Company, was approaching from the right of both the boy on the bicycle and the coal truck. For that reason, he was the favored driver. There was testimony that, after he saw the boy on the bicycle, he continued east on his course for a distance of sixty-nine feet, and, without giving any signal of an intention so to do, stopped his gas truck within the intersection about eleven feet from the western side of the intersection. Clark testified that he stopped the gas truck to let the boy go in front of him. In this connection, we again call attention to the following excerpt from the boy's testimony:

''I knew they (the coal truck and its driver) were behind me, and I went until I came about to the intersection, and then I seen the gas company truck, and then I looked back for a second to see what the other truck was doing, and I seen the gas truck start to slow up, and then I looked back, and when ·I looked back

again the gas truck had stopped. Then I did not have time to turn or think or anything, and I bumped up against the gas company truck and fell back. Then I tried to get up, and the Tausick-Kauffman truck came and ran over me.''

Counsel for appellants Northwest Cities Gas Company and Clark call attention to the fact that there was at least eleven feet between the front of the gas truck and the center of the street, and that the boy actually knew that the gas truck had stopped. They contend that this was an open invitation to the boy to proceed. However, the boy knew he was being followed by the coal truck, which was gaining on him. He had expected the gas truck would proceed on its course and cross the street in front of him, and when it stopped he was on his bicycle but ten feet distant.

It is argued that the boy should have known the gas truck was going to stop, because he saw it lessen its speed as it approached the intersection. A mere slackening of speed by a vehicle approaching an intersection is not necessarily an indication of an intention to stop, and it would have been error for the trial court to so hold. The evidence in this case is such that the trial court could not properly hold, as a matter of law, that the boy was guilty of contributory negligence, barring his right of recovery.

▪ ■ Appellants Northwest Cities Gas Co. and Clark contend that there was no primary negligence on their part upon which a recovery by respondents can be predicated. We do not so hold. While it is true that Clark, driving the gas truck, was the favored driver and had the right of way, and there is nothing in the statute making it mandatory upon one having the right of way to assert it, appellant Clark did assert his right of way by proceeding approximately eleven feet into the intersection. Without giving a signal of his

intention so to do, he stopped, and Rudolph Sebern's testimony would indicate that Clark stopped so close in front of him that the boy, having "no time to think or anything," bumped into the gas truck.

The right of way is only a relative right, and once a driver entitled thereto undertakes to exercise that right, he cannot abandon it without regard for the rights of others. The question of whether or not appellants Northwest Cities Gas Co. and Edward M. Clark were liable because of negligence on the part of appellant Clark was properly submitted to the jury.

These same appellants assign as error the failure of the trial court to give the following requested instruction:

"It is a rule of law that it is the duty of the driver of a vehicle to guard against traffic in front of him."

While the rule of law stated by the proposed instruction is correct, the subject matter therein embraced is fully covered by other instructions given by the trial court.

Appellants Northwest Cities Gas Co. and Clark also contend the trial court erred in giving the following instruction:

"You are further instructed that under the law of this state it is the duty of every person operating or driving any motor vehicle along or over any public highway, and intending to stop, to extend his arm from the left side of such vehicle and extend the same downward for a reasonable length of time before stopping. So if you find from the evidence that the defendant, Northwest Cities Gas Company, at the time and place mentioned in plaintiff's complaint, stopped its truck in the pathway of said child, and that the driver of said truck failed to give any signal of his intentions to so stop said truck, and that the failure to give said signal was the proximate cause of the col-

lision and the resulting injuries to said child, then this would constitute negligence upon the part of said defendant and its said driver and they would, in that event, be responsible to the plaintiffs for any loss or damage resulting therefrom, if the plaintiff was not guilty of contributory negligence.''

Appellants objected to the foregoing instruction on the ground that the law upon which it is predicated is not for the protection of crossing traffic, but is for the benefit of traffic following behind. We do not so hold. In our opinion, the purpose of the legislature in passing the statute referred to was to require the driver of a vehicle to give to impending traffic notice of his intention to stop. The signal required by law of a driver intending to stop is such as may be seen from vehicles coming from the front, the left and the rear. Vehicles coming from the right are favored vehicles and have the right of way. The fact that the signal required by law of a driver intending to stop can not be seen by the driver to the right of the stopping vehicle is, therefore, not determinative in considering for whose benefit the signal described by law is required. The trial court was correct when it gave the foregoing instruction.

█ Appellants Northwest Cities Gas Company and Clark also assign as error the giving of the following instruction:

''If you should find from the evidence that Rudolph Sebern and his bicycle and the truck of Tausick & Kauffman were proceeding on Colville street in the same direction, and that Rudolph Sebern was immediately ahead of the truck, then I instruct you that Rudolph Sebern had the right to assume that it was under control. And you are further instructed that said child would have the right to assume that the driver of the truck of Tausick & Kauffman would yield the right of way to vehicles to the right of the truck of

Tausick & Kauffman simultaneously approaching with it a given point within the intersection ahead.''

The trial court did not err in giving the foregoing instruction, as it embodied a correct statement of the law, and, by reason of the evidence in the case, the instruction was relevant.

Appellants Tausick, Kauffman and Smith assign as error the failure on the part of the trial court to grant a new trial. The evidence being sufficient to support judgments for respondents, and no errors of law having been called to our attention, we hold the court did not err in refusing to grant a new trial.

Judgment affirmed.

PARKER, BEELER, and MITCHELL, JJ., concur.

TOLMAN, C. J. (dissenting in part)—As I read the record, there was no evidence of negligence on the part of the Gas Co. or its driver, Clark, and their challenge to the evidence should have been sustained. In all other respects, I concur.