[No. 27217.   Department One.   December 31, 1938.]

WM. G. KEGLER, *Respondent*, v. HOGLAND TRANSFER
COMPANY *et al., Appellants.*[1]

*Shank, Belt, Rode & Cook,* for appellants.

*Newton & Newton* and *Wm. A. Johnson,* for respondent.

BLAKE, J.—Plaintiff brought this action to recover damages for personal injuries resulting from a collision between his car and a semi-trailer truck owned and operated by defendants.   From judgment on a verdict in favor of plaintiff, defendants appeal.   The only question raised on the appeal is whether respondent was guilty of contributory negligence as a matter of law.

The collision occurred about nine-twenty in the evening of April 23, 1937, on the four-lane paved highway between Seattle and Everett.   Both vehicles were headed north.   The trailer truck became stalled about eight o'clock on a 4.65 per cent grade, and was standing

[1]Reported in 85 P. (2d) 1051.

in the outside of the northbound lanes. Respondent's car, driven by his wife, was traveling in that lane, at a speed of twenty-five or thirty miles an hour. Mrs. Kegler saw the truck, which was properly equipped with tail and clearance lights, when she was about one hundred paces away. On the assumption that the truck was moving, she did not immediately start to turn into the inner lane to pass. When she did start to turn, she realized too late that the truck was standing still. Respondent's car crashed into the left rear end of the trailer.

The motor vehicle code (Laws of 1937, chapter 189, p. 861, § 33, Rem. Rev. Stat., Vol. 7A, § 6360-33 [P. C. § 2696-817]) provides that, when a truck or combination of commercial vehicles is stalled after dark in the main traveled portion of a public highway, the operator shall set out three lanterns or flares; one on the roadway side of the vehicle, one in the highway one hundred feet in front of the vehicle, and another one hundred feet to the rear. While the driver of the truck had set out flares, they had burned out some time before the collision. So there can be no doubt of appellants' negligence. For the truck was standing, in violation of the statute, in the main traveled portion of the highway.

Appellants argue that this fact does not preclude holding the driver of respondent's car guilty of contributory negligence as a matter of law. We think, however, that, if the regulation is to accomplish the purpose for which it is designed, it must be held to have just exactly that effect. Otherwise, drivers of such vehicles may leave them standing on the main traveled portion of public highways in utter disregard of the rights and safety of other travelers. The very purpose of the regulation is to apprise other travelers that the vehicle is not moving, so that they may calculate their move-

ments accordingly. The statute is designed to obviate a hazard which has been judicially recognized.

In *Caylor v. B. C. Motor Transportation, Ltd.*, 191 Wash. 365, 71 P. (2d) 162, this court said:

"It is a matter of common knowledge that at night there is an appreciable length of time when it is impossible, or at least difficult, for a driver to determine with accuracy whether a lighted object some distance ahead is moving or not."

It was for the jury to say whether, in the exercise of reasonable care, Mrs. Kegler should have apprehended, in time to avoid the collision, that appellants' truck was standing still.

Appellants cite three cases which they urge call for a holding that Mrs. Kegler was guilty of contributory negligence as a matter of law. *Ritter v. Johnson*, 163 Wash. 153, 300 Pac. 518, 79 A. L. R. 1270; *Jacklin v. North Coast Transportation Co.*, 165 Wash. 236, 5 P. (2d) 325; *Graves v. Mickel*, 176 Wash. 329, 29 P. (2d) 405. We do not think that either the *Ritter* or the *Jacklin* case is sufficiently apposite in point of fact to require discussion. While the *Graves* case, in some aspects, is quite apposite, it has a decisively distinguishing feature—the truck was standing partly on and partly off the pavement. As pointed out in *Caylor v. B. C. Motor Transportation, Ltd., supra:* "A lighted object partially off the highway would more readily suggest to oncoming traffic that it was motionless than it would if it were entirely on the highway."

Judgment affirmed.

STEINERT, C. J., MAIN, ROBINSON, and MILLARD, JJ., concur.