[No. 19640.    Department One.    March 12, 1926.]

## A. L. NICOLLE et al., Respondents, v. UNITED AUTO TRANSPORTATION COMPANY, Appellant.[1]

[1] APPEAL (414)—VERDICT—CONCLUSIVENESS IN GENERAL. The verdict of a jury on a question of fact is conclusive where the evidence was decidedly in conflict.

[2] EVIDENCE (52)—RES GESTAE—STATEMENTS ACCOMPANYING EVENT. Statements of a stage driver, made shortly after striking a pedestrian, are admissible as part of the res gestae, when made immediately after assisting in carrying the plaintiff from the street following closely after the accident.

[3] APPEAL (449)—HARMLESS ERROR—ADMISSION OF EVIDENCE—PREJUDICIAL EFFECT. In an action against a stage company for the negligence of a driver, prejudicial error cannot be assigned upon an immaterial inquiry as to unobjectionable conduct of the driver after the accident not imputable to the defendant.

[4] TRIAL (69)—INSTRUCTIONS—ASSUMPTION BY JUDGE AS TO FACTS. An instruction referring to the time when plaintiff was "struck by appellant's bus," is not prejudicial error in that it assumes that the bus ran into her instead of plaintiff's running into the bus, where there was an actual collision, and other instructions made the issue clear to the jury.

[5] APPEAL (464)—INSTRUCTIONS—REFUSAL OF REQUESTS. It is not error to refuse requested instructions in the language of the request, if covered in the general charge.

[6] DAMAGES (84, 86)—EXCESSIVE VERDICT—INJURIES TO WRIST AND ANKLE. A verdict for $3,384, for injuries sustained by a pedestrian, struck by a bus, is not excessive, where plaintiff was severely injured and her wrist was swollen and sore and her ankle could not sustain ordinary exercise a year after the injury.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered July 16, 1925, upon the verdict of a jury in favor of the plaintiff, in an action for personal injuries sustained by a pedestrian struck by an automobile. Affirmed.

[1]Reported in 244 Pac. 127.

*Stiles & Latcham,* for appellant.

*Wm. H. Pratt,* for respondents.

Fullerton, J.—The appellant, United Auto Transportation Company, operates a line of stages from a depot in the city of Tacoma to the military reservation known as Camp Lewis. A stage of the appellant, which left the depot in the city named at 5:30 o'clock on the evening of April 15, 1924, while passing over a junction of certain streets in that city, collided with the respondent, Regina Nicolle, and inflicted upon her injuries of a painful and somewhat serious nature. In this action she recovered on a trial by jury for the injuries so suffered, and the appeal is from the judgment evidencing the recovery.

[1] The appellant first complains that the verdict of the jury is contrary to the evidence in the cause, in that it not only fails to show that the driver of the stage was guilty of negligence causing the injury, but affirmatively shows that the injured respondent was herself guilty of negligence. But we think it unnecessary to review the evidence at length. The liability of the appellant turns largely on the question of the position of the respondent on the street at the time of the injury; that is, whether she was crossing the street within the lines marked out by the city authorities as a pedestrian crossing, on which she had, in virtue of the city's ordinances, the right of way, or whether she was crossing the street diagonally, away from the appointed crossing, on which the vehicle had the right of way. On this question there was a decided conflict in the evidence, and, in consequence, the verdict of the jury concludes the question in this court.

[2] The trial court permitted evidence of statements made by the driver of the stage shortly after the

happening of the accident causing the injury, and evidence of his conduct following that event.  It is objected to the statements that they would be admissible only under the rule of *res gestae,* and that they came too late to bring them within the rule.  The statements were made immediately after the respondent had been carried from the street into a hotel building standing on the margin of the street, near the scene of the accident, in which carrying the driver assisted.  But the removal of the respondent from the street followed closely after the injury, and we think the statements were admissible under the rule of the case of *Lucchesi v. Reynolds,* 125 Wash. 352, 216 Pac. 12.

[3]  As to the conduct of the defendant, it may be that the inquiry made of the witness was objectionable because not material, since his conduct after the accident causing the injury could not be imputed to the appellant.  But the answers were harmless.  They show that the driver did everything that could reasonably be expected of him, and the jury, as reasonable persons, could not have taken a different view of it.

[4]  The appellant complains of a number of the instructions given by the court, and of its refusal to give others requested to be given.  In the main, the instructions excepted to are correct statements of the law applicable to the issues.  In one of them, however, the court used the phrase, "at the time she [the injured respondent] was struck by the appellant's bus." It is argued that this is erroneous, because it assumes as a fact a matter in controversy in the evidence; it being a matter in controversy (if we understand the appellant's position), whether the bus ran into the respondent, or whether she ran into the bus.  Since the whole question is one of fault, and since it is not disputed that there was an actual collision, it would seem

that it would make little difference which form of expression was used in describing the event; but, conceding that there is a difference, it is hardly possible that the jury were misled by the expression. It is the rule, of course, that controverted matters of fact, when referred to by the court in its instructions to the jury, should be stated hypothetically; but the court in this instance, elsewhere in its instructions, stated distinctly and with clearness what the controverted issues of fact were, and told the jury that they were the exclusive judges of the facts. The jury, we think, could not have understood that the court, by this expression, meant to charge them that the particular fact referred to was conclusively determined.

[5]   Nor was it error to refuse to give the requested instructions. In this state the court is not obligated to give requested instructions in the language of the request. The court may use its own language in instructing the jury, and, if it covers the issues fully and fairly, it does not err, even though it may refuse to give a requested instruction which could properly have been given. In this instance there was no omission in this respect.

[6]   The jury returned a verdict in the sum of $3,384, and it is complained that the verdict is excessive. But the respondent was somewhat severely injured, causing her much suffering. At the time of the trial, which took place more than a year after the accident, she had active symptoms of the injury. One of her wrists was still swollen and sore, and her ankle would not withstand her ordinary exercises without swelling and causing her pain. Her medical adviser would not say that her injuries were permanent; on the contrary, he expressed the belief that she would ultimately recover. But notwithstanding his testi-

mony, we do not feel warranted in interfering with the verdict.

The judgment is affirmed.

TOLMAN, C. J., HOLCOMB, MAIN, and MITCHELL, JJ., concur.