[No. 30927. Department Two. October 25, 1949.]

THOMAS E. CHRISTENSEN *et al., Appellants,* v. GRAYS HARBOR COUNTY, *Respondent.*[1]

*Marion Garland, Sr., Marion Garland, Jr., Frank Hunter,* and *Lester T. Parker,* for appellants.

*Harold L. Hawkins* and *Stanley J. Krause,* for respondent.

[1]Reported in 210 P. (2d) 693.

ROBINSON, J.—Early in the morning of November 1, 1947, Mr. and Mrs. Thomas Christensen, the plaintiffs in this action, were traveling in their automobile, a 1939 business coupe, along the Matlock-Brady county road, in Grays Harbor county. Mr. Christensen was driving, and Mrs. Christensen was a passenger in the front seat. The road was surfaced with blacktop, rough in spots, and, in other places, in fairly good condition. It was raining intermittently, and the blacktop was wet and slick.

At a point about four and one-half miles north of Brady, the following incident, as described by Mrs. Christensen, occurred:

"A. We were driving along and suddenly the car slammed down. It seemed the wheel, on my side, the right front wheel, seemed to drop down to China, you might say. It gave us an awful jar. I didn't know whether it was the car or not. After that I seemed to be completely out, or maybe permanently out."

Mr. Christensen testified that the jolt slammed the steering wheel out of his hand, and that, after that, he remembered nothing. Tire marks left on the road, however, indicated that his right front wheel had struck a chuckhole, and that the car had thence traveled approximately three hundred feet down the road, crossed it, and turned over, coming to rest on its top and against a tree. No one witnessed the accident. Shortly after it occurred, a logging company employee came by and saw Mr. and Mrs. Christensen lying, badly injured, beside the automobile. They were taken to the hospital. Damage to the automobile was extensive. According to a state patrolman who investigated the accident, it was incurred principally as a result of the force of the impact against the tree.

This action was brought by the Christensens against Grays Harbor county. Their complaint alleged that they were operating their automobile in a careful and lawful manner when the accident occurred. It alleged negligence on the part of the county, resulting from its failure to repair the chuckhole or to place any warning advising the traveling public of its existence. The answer denied the existence

of the chuckhole, or the county's knowledge of it. It alleged that any injuries sustained by the plaintiffs were brought about as a result of their own negligence in losing control of their car while operating it at an excessive speed, and while failing to drive with the degree of care customarily exercised by those traveling the road when wet. The jury found for the defendant county, and plaintiffs have appealed.

The evidence as to the size of the chuckhole was in dispute, and ranged from the testimony of some of appellants' witnesses that it was two to three feet wide and a foot deep, to the testimony of some of the witnesses for respondent who asserted that it was negligible, or not there at all. The state patrolman, however, the only witness who actually attempted to measure the hole, estimated that it was not more than fifteen to eighteen inches across and not more than five inches in depth. He testified that: "It wasn't a sharp break. It was more or less gradual, as it progressed from the sides." All of the testimony indicated that there were numerous smaller chuckholes in the near vicinity.

It is not contested that (1) whether, under all the circumstances of the case, this hole rendered the road unsafe for ordinary travel, and (2) whether the county was negligent in permitting it to exist, were questions, the answers to which depended upon the resolution of disputed facts, and were, therefore, for the jury.

Appellants' principal contention on this appeal is that the trial court erred in refusing to withdraw the issue of contributory negligence from the jury and in giving instructions which specifically placed it before them. In addition, appellants urge that the court erred in giving and refusing to give certain other instructions.

As no one was present at the scene of the accident except the appellants themselves, their version of the event was necessarily the only one presented to the jury. However, they introduced several witnesses who testified that they had previously struck the chuckhole with their automobiles. One witness stated that he broke a spring in the chuckhole, and another was of the opinion that a flat tire he had sustained

while driving on the road was attributable to it. Still another witness testified that he had run into the chuckhole on one occasion, but because "There is so many holes, and I couldn't remember them all," later forgot it was there and ran into it again. He testified to no particular damage. None of these witnesses, upon striking the hole, stopped or got out of their cars to inspect it; all continued driving down the road. Concerning the effect of the impact upon him and his mother, a passenger, one of them testified:

"A. It threw her up in the seat and made the pick-up bounce around considerable. Q. Did you lose control of your car? A. No, I was only driving about thirty-five miles per hour."

And another testified, speaking of his wife, who was riding with him at the time he struck the hole:

"Q. Did it have any effect on her? A. No, it didn't have any effect on her at the time because I wasn't driving fast."

The Christensens' testimony was to the effect that Mr. Christensen was driving between forty and forty-five miles an hour. As we have noted, it further indicated that, when he struck the chuckhole with his right front wheel, not only his wife was severely jolted, but that he himself, riding on the other side of the automobile, had the steering wheel "slammed" out of his hand and was so shocked and stunned that he completely lost control of the automobile. It was shown that the automobile thereupon traveled for a distance of over three hundred feet down the road before rolling over and colliding with a tree, and that, as a result of the accident, both Mr. and Mrs. Christensen were left unconscious and very gravely injured, while the automobile itself was extensively damaged. Even allowing for the suggestion in the testimony that the hole varied in size from time to time as gravel was kicked in and out of it by passing cars, there is a substantial difference between the damage sustained by appellants and that sustained by others who struck the hole, for which the testimony does not fully account. If the jury believed the testimony of the patrolman that the hole was but five inches in depth on the day of the accident,

there is room for a reasonable inference either that plaintiff Christensen was traveling at an excessive rate of speed or that, particularly in view of the wet condition of the road and the rough spots thereon, he was not maintaining proper control of his vehicle.

Facts may be proved by circumstantial evidence, and, where circumstantial evidence is such that reasonable persons might differ as to whether contributory negligence is thereby established, it is not error to submit the issue of contributory negligence to the jury, where the pleadings have raised such issue. *Bowring v. Denco Bus Lines*, 196 Okla. 1, 162 P. (2d) 525; *Mitchell v. Dowdy*, 184 Md. 634, 42 A. (2d) 717.

A person traveling on a public highway must exercise such care as an ordinarily prudent person would use to avoid injury from defects or obstructions, and if his failure to do so contributes materially to, or is the proximate cause of, his injury, he cannot recover, notwithstanding such defects or obstructions. 40 C. J. S. 317, § 268. Evidence of the circumstances of this accident left room for the jury to infer that appellants were guilty of contributory negligence, and, therefore, the issue was correctly submitted to it.

Appellants also contend that the court erred in giving the following instruction:

"You are instructed that in determining the speed of the automobile driven by the plaintiff, Thomas E. Christensen, immediately prior to and at the time of the accident complained of, you will consider along with the oral testimony with reference thereto all of the testimony of the physical conditions at the time and place of the accident."

The issue of excessive speed was raised in the complaint, but it is contended that this instruction was inappropriate, for the reason that, as appellants state in their brief, "Speed had nothing to do with causation, especially when we recall other accidents at this same hole at various speeds." A consideration of these other accidents, as they are described in the testimony, indicates that, even if the jury believed that the chuckhole was as extensive as some of appellants' witnesses contended, it could well have found that the acci-

dent would not have occurred as it did had the Christensen automobile been traveling slowly.

The showing called for a decision by the jury, and not by the court, as to whether appellants' speed amounted to negligence. Under the evidence, the jury could presumably have found such negligence, even though it believed that appellants were traveling only forty-five miles an hour, five miles an hour under the maximum rate of speed; for the motor vehicle law indicates, by its provisions, that the maximum rate is not always permissible, but that speed must be reasonable and proper under the existing conditions at the place of operation, one of these being the condition of the highway surface. Rem. Supp. 1947, § 6360-64. See *Copeland v. North Coast Transp. Co.*, 169 Wash. 84, 13 P. (2d) 65. But, in making its decision, the jury was not obliged to believe the testimony of the plaintiffs Christensen as to their speed, even though uncontradicted, but was entitled to take into consideration all of the circumstances surrounding the accident. *Day v. Polley*, 147 Wash. 419, 266 Pac. 169. The quoted instruction was entirely proper.

Appellants' final contention is that the court erred in failing to give their requested instruction as follows:

"A defect or want of repair in a highway is anything in the state or condition of its surface which renders it unsafe or inconvenient for ordinary travel."

But the jury can have been under no misapprehension as to what sort of a defect must have existed in order to justify holding the county liable. In its instruction No. 5, the court said:

"A County must exercise reasonable care to see that its roads and highways are maintained in a reasonably safe condition for ordinary travel and this includes the duty to give adequate warning of dangerous conditions in the highway of which it has notice."

Refusal of requested instructions is not erroneous where the instructions given fully submit the issues to the jury. *Nicolle v. United Auto Transp. Co.*, 138 Wash. 48, 244 Pac. 127.

There being no error in the instructions as given by the court, the judgment is affirmed.

SIMPSON, C. J., SCHWELLENBACH, and GRADY, JJ., concur.