NETTIE GREENBERG, Respondent, *v.* ROBERTSON-STELLING
CORPORATION, Appellant.

Supreme Court, Appellate Term, First Department, June 10, 1926.

Motor vehicles — collision — plaintiff's automobile traveling ten feet behind defendant's automobile collided with it when stopped by traffic regulations — collision indicates lack of control on plaintiff's part, thus barring recovery.

Plaintiff, who was operating his automobile ten feet in the rear of defendant's automobile, as both vehicles approached a street intersection, is not entitled to recover for the damages to his automobile caused by the running of the vehicle into the rear end of defendant's automobile when defendant was stopped by traffic regulations at the intersection, since the collision indicated such a lack of control on plaintiff's part as establishes contributory negligence.

BIJUR, J., dissents, with opinion.

APPEAL by defendant from a judgment of the Municipal Court, Borough of Manhattan, Fifth District, entered in favor of the plaintiff.

*E. C. Sherwood* [*John A. Bodmer* of counsel], for the appellant.

*Frederick W. Sperling,* for the respondent.

PER CURIAM. Plaintiff was bound to anticipate that defendant's automobile as it approached the crossing at Broadway and Eighty-sixth street, the rear of said automobile being then ten feet ahead of plaintiff's car, might be stopped by traffic regulations or otherwise, and under the circumstances the running of plaintiff's car into the end of defendant's car when that car stopped at Eighty-sixth street indicated plaintiff's lack of control of his car and established contributory negligence on the plaintiff's part, thus barring a recovery.

Judgment reversed, with thirty dollars costs, and complaint dismissed on the merits, with costs.

Present: BIJUR, DELEHANTY and WAGNER, JJ.

BIJUR, J. (dissenting). I find nothing, either in the evidence or as matter of law, to enable a determination that driving an

Surrogate's Court, New York County, June, 1926. [Vol. 127

automobile in New York city at the rate of fifteen miles an hour ten feet behind another automobile is contributory negligence. It appears to me that plaintiff had a right to anticipate that defendant's car, proceeding at that distance ahead of his own, would give the appropriate prescribed signal upon slowing up or on reasonable anticipation of such action; and that the sudden stopping of the car ahead is *prima facie* proof of negligence on the part of defendant's chauffeur. It may be disproved by showing that it was due to some emergent, perhaps negligent, act of some third person, in which event the act of the latter and not that of the driver of the first car would be the proximate cause of the accident. Without discussing the significance of the possible intervention of the traffic officer, it suffices in the present case to point out that when defendant's south-bound car stopped, its rear wheels were over the northerly side of the crossing at Eighty-sixth street.

In my opinion the judgment was correct and should be affirmed.