[No. 29970. Department Two. October 7, 1946.]

MICHAEL ANGELO, *Respondent*, v. GEORGE LAWSON *et al.*, *Appellants.*[1]

*McCabe & McCabe* (*Cox, Ware & Stellmon,* of counsel), for appellants.

*C. Orno Shoemaker,* for respondent.

SIMPSON, J.—Plaintiff brought this action to recover compensation for injuries to himself and damages to his automobile, sustained in a collision with an automobile owned and driven by defendant George Lawson. We will refer to George Lawson as though he were the only defendant.

Plaintiff alleged that the driver of defendant's automobile was negligent in that he did not stop his car before entering the arterial highway upon which plaintiff was driving,

[1] Reported in 173 P. (2d) 124.

but drove onto the plaintiff's right side of the highway upon which plaintiff was then traveling.

Defendant by way of answer denied the charges of negligence contained in the complaint, and also alleged facts charging that the plaintiff was guilty of violating the rule of the last clear chance.

Upon the issues thus presented, the case was tried to the court sitting without a jury. At the conclusion of the trial, the court entered judgment in favor of plaintiff and assessed damages against defendants.

Defendants have appealed. Their assignments of error call in question the action of the trial court in entering judgment for plaintiff.

The facts may be summarized as follows: Primary state highway No. 3, sometimes referred to as highway No. 410, extends in an easterly and westerly direction. The direction of Elm street, which intersects highway No. 3, is northwesterly and southeasterly. The intersection of the highway and the street is broad, and is graveled and oiled. There is a yellow line marking the center of highway No. 3, but no line marks the center of Elm street. A "stop sign" stood on Elm street about one hundred or one hundred twenty-five feet from its intersection with highway No. 3. At the time of the accident, the parties were alone in their respective cars. The day was clear and the roads were dry.

Respondent's evidence showed that on the day in question he was driving easterly on his right side of the arterial highway at a speed of not to exceed thirty-five miles per hour. As he approached Elm street, he noticed appellant's car coming along that street at a slow rate of speed. To use respondent's words, the accident occurred as follows:

"A. I was coming into Lewiston on Highway 410, and I noticed when I got near the intersection where Elm Street comes onto Four Ten, I noticed a car coming, but I knew— Of course, I had been going through there and I knew cars should stop there; and he wasn't coming at any fast speed at all; and when I got right about in here, in other words right in front, he came right out at me, and I couldn't turn to the right, and the only way I could keep from hitting

him,—I tried to turn to the left, but before I could get away from him we hit, and it upset my car to the side, and the car was facing northeast. It was facing Elm Street after it was upset on the side. . . .

"Q. Was there anything in the manner of his driving that indicated he wasn't going to stop? A. No. . . .

"Where was the defendant's car, as it entered that intersection, with reference to the center line of Elm Street? A. You mean where the wreck occurred? Q. Yes. A. The front of his car was right up to the yellow line in the center of Highway four ten. Q. No, you don't understand my question. With reference to Elm Street, what was the position of the defendant's car, with reference to the center line? THE COURT: What part of the street was he in? A. He was in the center of Elm Street. Q. You mean straddling the center line. Is that what you mean? A. Yes. Q. And he was turning into the intersection. A. Yes."

At another time he stated that appellant's car did not stop at the intersection.

Appellant's evidence showed that as he drove along Elm street he stopped at the "stop sign," then went into second gear, and

" . . . pulled out to the intersection, and I was on the extreme side, the righthand side of Elm Street, and I saw a car coming and I slapped my brakes on and stopped dead still, and I was at the edge of the 410 Highway."

He testified further that, at the time of the collision, he was just north of the center line of Elm street as his car was projected into the intersection. He admitted that he had to be close to the intersection in order to see an approaching car from his left. It is appellant's contention that his car was stopped, and that, as it entered highway No. 3, he was not negligent in any way, but that respondent was guilty of negligence in that, seeing appellant's position, he did not go around him to either the right or left. If we were to adopt the version of appellant as to the facts, we might be disposed to agree with him.

The facts as developed by respondent show that appellant did not stop just before he entered the arterial highway. True, he stopped at the stop sign. However,

that was not enough, because the law compels one who enters an arterial highway to stop and look from a position where he can see approaching traffic along the arterial highway. Rem. Rev. Stat., Vol. 7A, § 6360-90 [P.P.C. § 295-31]; *Hefner v. Pattee,* 1 Wn. (2d) 607, 96 P. (2d) 583; *Hauswirth v. Pom-Arleau,* 11 Wn. (2d) 354, 119 P. (2d) 674; *Bennett v. Karnowsky,* 24 Wn. (2d) 487, 166 P. (2d) 192.

This cause was tried to the court and the definite finding made:

"That defendant stopped at the stop sign, shifted to second gear and proceeded on into the arterial highway without stopping before entering the highway intersection and without yielding the right-of-way to the plaintiff's car. That plaintiff was driving his car approximately 35 miles per hour and the defendant had proceeded into the travelled portion of primary State Highway No. 3 before stopping when the cars collided and that the sole proximate cause of the accident was the negligence of the defendant in failing to stop at the entrance to the intersection and in failing to yield the right-of-way."

The eminent trial judge saw and heard the witnesses testify, and we cannot, upon the record made in this case, deny the truth of his findings.

Appellant argues that, in any event, respondent violated the last clear chance rule. He states in his brief that respondent, by the exercise of ordinary care, should have seen appellant's car, standing upon the highway, and should have driven either to the right or left, and thereby avoided the accident.

The facts, as correctly found by the trial court, do not justify appellant's contention. Appellant was not standing still upon the highway, but was moving or turning into the intersection when the "wreck occurred." That the facts found by the trial court do not bring into play the doctrine of the last clear chance, demands no reason or citation of authority.

The judgment was correct, and is therefore affirmed.

MILLARD, STEINERT, MALLERY, and CONNELLY, JJ., concur.