[No. 33070. Department One. March 17, 1955.]

MERLE S. BARRETT et al., Respondents, v. HERMAN INGLIN et al., Appellants.[1]

[1]Reported in 281 P. (2d) 236.

318

 

*Fred M. Bond,* for appellants.

*Donley & Ingram,* for respondents.

DONWORTH, J.—This action was instituted to recover damages for personal injuries and property damage resulting from an automobile collision which occurred in Pacific county on state highway No. 12 near its intersection with Cramer road. It was tried to the court sitting without a jury. At the conclusion of the trial, the court visited the scene of the accident and later filed a memorandum opinion, holding that each of the plaintiffs was entitled to recover damages. Findings, conclusions, and judgment were entered accordingly after the defendants' motion for new trial had been heard and denied. Defendants have appealed.

Respondents were the favored driver and his guest. Appellants were the owner of the car entering the highway and its disfavored driver.

Appellants' first two assignments of error challenge certain portions of finding of fact No. 4, which reads as follows:

"That on or about October 27, 1951 at 3:15 P.M. on said date, the plaintiff Merle S. Barrett was driving his automobile in a westerly direction on Washington State Highway No. 12 in the vicinity of Cramer Crossing, Pacific County, Washington, at a speed of approximately 40 to 45 miles per hour, and at said time and place and as plaintiff Merle S. Barrett was approaching the said intersection at Cramer Crossing, defendant's automobile, which he afterwards learned was being driven by the defendant Robina Christian, came up to the stop sign and stopped at said point and looked both directions and then proceeded onward for a distance of about 30 feet from said stop sign to the edge of the said highway and commenced to enter upon said highway; that *said defendant Robina Christian at no time stopped after the time she stopped at the stop sign; that at the time the defendant Robina Christian drove the automobile she was driving on to the traveled portion*

*of the highway, the plaintiff in his automobile was a distance of about 75 feet from the defendant's automobile;* that the automobile of the plaintiff was visible to the defendant for a distance of 200 feet from the point of the collision, East; *that as the defendant traversed from the traveled portion of the highway the plaintiff attempted to avoid a collision by attempting to swerve his automobile to the left-hand portion of said highway; that as about the one-quarter front end of defendant's automobile was over the center line of said highway a collision occurred* wherein the right front of plaintiff's automobile struck the right front of defendant's automobile; that said collision caused plaintiff's car to be thrown out of control and into a ditch adjacent to said highway and caused damage to plaintiff's, Merle S. Barrett's automobile and damage and personal injuries to the plaintiff, Mrs. Nellie Mayfield."

Appellants assert that the italicized portions of the above quoted finding are contrary to the weight of the evidence, and that the trial court erred in so finding.

In support of these assignments, appellants refer to the testimony of the parties and their witnesses, which was in conflict as to the cause of the collision, contending that the negligence of respondent Barrett was the proximate cause thereof.

■ We do not find it necessary to discuss the testimony in detail. This case involves only issues of fact. After reading all the testimony, we cannot say that it preponderates against any part of finding No. 4. Therefore, this finding must be accepted as correctly stating the true facts of the case. *Allen v. Saccomanno,* 40 Wn. (2d) 283, 242 P. (2d) 747, and *McDonald v. Wockner,* 44 Wn. (2d) 261, 267 P. (2d) 97.

■ Appellants claim error in making finding of fact No. 5 upon the ground that it is contrary to the weight of the evidence, but, since this finding is not set out verbatim in their brief, we cannot consider this assignment. Rule on Appeal 43, 34A Wn. (2d) 47, as amended, effective January 2, 1953. *Paulson v. Higgins,* 43 Wn. (2d) 81, 260 P. (2d) 318, 266 P. (2d) 800.

. Accepting (as we must) the findings as verities, we hold

that the conclusions of law and judgment are adequately supported by the findings.

In its order denying appellants' motion for new trial (which is also assigned as error), the trial court stated two reasons for so doing: (1) its own view of the premises, and (2) the appearance and demeanor of appellants' witnesses upon the stand. The order then elaborated upon these reasons as follows:

". . . In the light of the actual measurements and view of the scene of the accident and appearance and demeanor of the witnesses of the Defendants upon the stand, the court was forced to the conclusion that at the time of the trial and at the time of viewing said premises and at the time of the argument upon the motion for a new trial that the accident was caused solely by the fact that the Defendants wrongfully drove their automobile into the path of the Plaintiff's automobile upon the highway when the Plaintiff was entitled to the right of way on said highway as against the Defendants. It was the conclusion of the Court from the appearance of the witnesses for the Defendants and their demeanor upon the witness stand that their version of the accident was not worthy of belief. . . ."

The trial court chose to believe respondents and their witness, and to disbelieve appellants. There is nothing in the record to indicate that it erred in denying appellants' motion for new trial.

■ Appellants further argue that respondent Barrett is liable under the last clear chance doctrine. There is no basis in the evidence for holding that Barrett had any last clear chance to avoid the accident after he saw that appellant driver was not going to yield him the right of way, as it was her statutory duty to do. RCW 46.60.170; *Angelo v. Lawson,* 26 Wn. (2d) 198, 173 P. (2d) 124. The last clear chance does not mean the last possible chance. *Bergstrom v. Ove,* 39 Wn. (2d) 78, 234 P. (2d) 548; *Shiels v. Purfeerst,* 39 Wn. (2d) 252, 235 P. (2d) 161.

Appellants' last assignment of error relates to the failure of the trial court to render judgment in favor of appellants on their cross-complaint. Since the court found that the negligence of appellant driver in failing to yield the right

of way to respondent Barrett was the proximate cause of the collision, it necessarily follows that they were not entitled to recover damages from either respondent.

The judgment of the trial court is affirmed.

HAMLEY, C. J., SCHWELLENBACH, MALLERY, and FINLEY, JJ., concur.

[1]Reported in 281 P. (2d) 243.