[No. 34998. Department One. January 7, 1960.]

ROBERT F. JAZBEC et al., *Appellants*, v. SETH M. DOBBS et al., *Respondents.*[1]

[1]Reported in 347 P. (2d) 1054.

*Knapp & Knapp*, for appellants.

*Peyser, Cartano, Botzer & Chapman* and *John D. Cartano*, for respondents.

OTT, J.—October 28, 1956, at approximately eight o'clock p. m., Robert F. Jazbec stopped his Ford automobile about five feet behind another automobile which had stopped for a red traffic signal light on Montlake boulevard near the University of Washington campus. Mrs. Jazbec, who was then five months' pregnant, was also on the front seat of the car, holding their two-year-old infant son. Shortly after Mr. Jazbec had stopped his automobile, it was struck in the rear by one driven by Seth M. Dobbs. The impact forced the Jazbec automobile forward until it struck the automobile ahead.

The Jazbecs commenced this action against Dobbs to recover for pain, suffering, and personal injuries to Mrs. Jazbec, and for damages to their automobile. At the trial, the court ruled that there was liability, as a matter of law, and submitted only the amount of damages to the jury. The jury's verdict for the plaintiffs was in the sum of $3,460.

At the trial, defendant's counsel asked Mr. Jazbec whether he had given a hand signal prior to stopping for the traffic signal, and also asked the defendant whether Mr. Jazbec had given such a signal. Plaintiffs objected upon the ground that whether a hand signal was given was immaterial. These objections were sustained. After the jury returned its verdict, the defendant moved for a new trial, contending that the court committed an error of law when it sustained the objections to the above-mentioned questions. The court, in granting a new trial, gave the following reasons for its ruling:

"It appeared that during the trial, the trial court had sustained two objections as to defendants' question whether the driver of plaintiffs' car made any hand signal prior to coming to a stop just before the collision occurred. It further appeared that one of the purposes of the questions was to show circumstantially that plaintiffs' car came to a sudden stop and that this may have contributed to plaintiff's injury and pain since at the time plaintiff wife was pregnant and holding a child on her lap. It further appeared that the trial court's ruling denying defendants' offer of proof and ruling out this line of inquiry was based on the proposition that whether or not a hand signal was given had no bearing on the issue of whether or not the defendants were negligent. It appeared, however, that the questions were asked partly from the standpoint of reducing damages and showing or tending to show that there was no time to give a hand signal. It further appeared that defendants were prevented from pursuing this line of inquiry relative to the matter of damages of which the court feels it was adequately apprised and that this ruling was erroneous and prejudicial to their case with respect to damages only."

From the order granting a new trial, the plaintiffs have appealed.

 There is no element of discretion involved, when a new trial is granted on the ground of an error of law. *Johnson v. Howard*, 45 Wn. (2d) 433, 436, 275 P. (2d) 736 (1954), and cases cited. The sole question presented by this appeal is whether evidence of the giving of a hand signal was material in mitigation of damages.

Respondent contends that the evidence was material because failure to give a hand signal would tend to establish that the stop was made suddenly, rather than slowly, and that the jury could have found therefrom that at least a part of Mrs. Jazbec's injuries was caused by a sudden stop for the traffic light, rather than all of her injuries having been caused by the impact of respondent's automobile.

The issue of the suddenness of the stop was fully explored during both the direct and cross-examination of the witnesses. The appellants testified that the stop was normal and gradually made, and that their car was stopped between four and ten seconds before the impact. The respondent.

testified that the manner of the Jazbecs' stop was "quite sudden."

We agree with appellants' contention that the proffered evidence was immaterial. It would be the fact of the failure to stop gradually, not the fact that appellant failed to give a hand signal, that would be material to establish causation of or mitigation of damages for appellant wife's injuries. The failure to give a hand signal would not be a contributing cause of her injuries; nor would the failure to give a hand signal tend to establish that the stop was sudden. The driver of an automobile, in obeying a red traffic signal light, is not required to give a hand signal indicating his intention to stop. *Billington v. Schaal*, 42 Wn. (2d) 878, 881, 259 P. (2d) 634 (1953). It follows that evidence of failure to give a hand signal establishes nothing.

The order granting a new trial is reversed, and the cause remanded with instructions to enter judgment upon the verdict.

WEAVER, C. J., MALLERY, DONWORTH, and HUNTER, JJ., concur.