[No. 36051.    Department One.    August 16, 1962.]

ARNOLD THOMPSON, *Appellant*, v. TITUS MOTOR COMPANY, *Respondent.**

*Reported in 374 P. (2d) 177.

*Comfort, Dolack & Hansler* (*Robert A. Comfort,* of counsel), for appellant.

*Burkey, Marsico & Burkey,* for respondent.

HILL, J.—The sole issue on this appeal is whether an instruction on last clear chance should have been given to the jury.

The plaintiff was painting an emblem on an advertising panel above the high fence which separated the defendant's used car lot from an alley. He was standing on an aluminum plank (fourteen inches in width), one end of which rested on the ten-foot rung of a three-legged ladder, one leg of which ladder the plaintiff had placed between the right rear fender and the bumper of one of the used cars on the lot.

An employee of the defendant moved the car and, in so doing, pulled the ladder down, which resulted in the plaintiff sustaining the injuries for which he seeks damages in this action.

Preliminary to moving the car, the defendant's employee approached it and entered it from the left side. There is no contention that he saw the leg of the ladder between the right fender and the bumper. The negligence, if any, is based on the proposition that he should have seen it.

The negligence of the plaintiff, in placing a leg of the supporting ladder in such a position, is unquestioned; and that it contributed to his injury cannot be gainsaid.

The trial court submitted the case to the jury on the issues of negligence and contributory negligence, and the jury brought in a verdict for the defendant. From the judgment of dismissal, entered on that verdict, the plaintiff appeals, urging that the trial court erred in refusing to instruct the jury on last clear chance.

We have very recently, in *Glasper v. Westbo* (1962), 59 Wn. (2d) 596, 599, 369 P. (2d) 313, pointed out that:

"The doctrine [last clear chance] has two phases as applied in this state. In the *first phase,* the plaintiffs' negligence may continue up to the time of the injury if the defendants actually see the peril; in the second, the plaintiffs' negligence must have terminated or culminated in a situation of peril from which the plaintiffs could not, by the exercise of reasonable care, extricate themselves if the defendants did not actually see the peril but, by the exercise of reasonable care, should have seen it. *Leftridge v. Seattle,* 130 Wash. 541, 228 Pac. 302 (1924)." (Italics ours.)

█ There is no testimony from which the jury could have found that the man who moved the car either knew or appreciated the danger of the situation; and the first phase of the doctrine is not applicable to the present case. *Jess v. McNamer* (1953), 42 Wn. (2d) 466, 255 P. (2d) 902; *Coins v. Washington Motor Coach Co.* (1949), 34 Wn. (2d) 1, 208 P. (2d) 143.

The plaintiff argues that prior to moving the car the defendant's employee should have seen the plaintiff's perilous situation and, therefore, the second phase of the doctrine should apply because the plaintiff's negligence had terminated or he was in a position of peril from which he could not extricate himself.

█ We cannot agree that either his negligence had terminated, or that he was in a position of peril from which he could not extricate himself.

His remaining on the plank, supported by a ladder placed as this one was, constituted continuing negligence.

Not until the defendant's employee entered the car, for the purpose of moving it, was plaintiff in a position of peril from which he could not have extricated himself by getting down off the plank, and even then he could have shouted a warning to the person entering the car. See *Coins v. Washington Motor Coach Co., supra.*

█ An answer to the plaintiff's contention that he was painting and was oblivious to the danger caused by the approach of defendant's employee, who moved the car, is that

ignorance of the situation is not the equivalent of actually being in a position from which one cannot escape. Prosser in his Law of Torts (2d ed.), pages 293, 294, says:

"In another group of cases, the plaintiff's situation is not one of helplessness and he is still in a position to escape, but his negligence consists of failure to pay attention to his surroundings and discover his own peril. . . .

"If the defendant does not discover the plaintiff's situation, but merely might do so by proper vigilance, it is obvious that neither party can be said to have a 'last clear' chance. The plaintiff is still in a position to escape, and his lack of attention continues up to the point of the accident, without the interval of superior opportunity of the defendant which has been considered so important. The plaintiff may not demand of the defendant greater care for his own protection that he exercises himself. . . ."

It seems to us that the facts of this case do not fit the formula of last clear chance, as we have applied it in this state, no matter how much the plaintiff tries to stretch it. The primary negligence is that of the plaintiff in the placing of the ladder; he thereafter took no precautions for his own safety. The negligence of the defendant's employee, if any, is that he failed to see what he should have seen, i. e., that a leg of the ladder was between the fender and the bumper of the car he was going to move. He could have seen the plaintiff painting the sign and never have appreciated that the plaintiff was in a position of peril, unless, and until, he saw the ladder leg between the right rear fender and the bumper of the car which he approached and entered from the left side.

■ It is pointed out in one of the late texts: If an inattentive defendant negligently fails to see an inattentive (but not helpless) plaintiff, the case falls into the category where both plaintiff and defendant are negligently unaware of an impending peril; the plaintiff could have saved himself as long as defendant could have saved him. Under such circumstances, most American courts and the the American Law Institute rule[1] out last clear chance. 2 Harper and James, Law of Torts § 22.13, p. 1252.

[1] 2 Restatement of Torts § 480.

The trial court properly refused to give a last clear chance instruction. The judgment is affirmed.

FINLEY, C. J., WEAVER, ROSELLINI, and FOSTER, JJ., concur.

---

October 8, 1962. Petition for rehearing denied.