[No. 38171. Department Two. June 9, 1966.]

NED E. FELDER et al., *Appellants,* v. THE CITY OF TACOMA et al., *Respondents.**

*Nile E. Aubrey* (of *Lee, Krilich & Anderson*), for appellants.

*Bateman, Reed, McClure & Moceri,* by *Roy J. Moceri,* for respondents.

*Reported in 415 P.2d 496.

BARNETT, J.†—We are again concerned with a rear-end automobile collision. Plaintiffs, occupants of the lead car, appeal from a judgment entered upon a jury verdict in favor of defendants.

Ned Felder and his wife Gwendolyn, plaintiffs (appellants), were returning home from Tacoma, where they had been Christmas shopping, on the evening of December 7, 1963. Their destination was Fort Lewis, Washington, where Mr. Felder was stationed as a member of the armed forces. They were traveling upon Pacific Avenue, the main arterial leading south from Tacoma. It was dark, the hour being approximately 8:30 p.m., and raining. Still within the limits of the city, plaintiffs approached the intersection of Pacific and 25th; Mr. Felder was driving. When he was approximately "two and a half car lengths" from the intersection (from his own testimony), Mr. Felder glanced upward, his eye catching a flash of yellow from the traffic light controlling the intersection. Thinking that the light was about to change from yellow to red, Mr. Felder brought his automobile to a stop. Moments later, a Tacoma city bus struck him from behind, propelling his car some 40 feet into the intersection. The testimony conflicted on the length of time plaintiffs were stopped before being hit. When asked by the driver of the bus why he had stopped at the intersection, Mr. Felder replied that he had stopped for a red light. It was then discovered by Mr. Felder that the controlling traffic signal was a *flashing yellow* light, contrary to what he had assumed.

Plaintiffs brought this suit against defendants (respondents) City of Tacoma and John P. Bridges, the driver of the bus, for personal injuries and property damage sustained as the result of the accident. The jury returned a verdict in favor of defendants. Plaintiffs' motion for a judgment notwithstanding the verdict and for a new trial was denied.

Plaintiffs make four assignments of error. In the first,

†Judge Barnett is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

it is claimed that the issues of defendant driver's negligence and Mr. Felder's contributory negligence should not have gone to the jury. Put simply, plaintiffs contend that, under the undisputed facts, defendant bus driver was negligent as a matter of law, and that this negligence was the sole proximate cause of the collision. RCW 46.60.080 provides, in part:

> It shall be unlawful for the operator of any motor vehicle to follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of any such public highway.

The primary duty of avoiding a collision between two vehicles traveling in the same direction falls upon the driver of the following automobile. *Izett v. Walker*, 67 Wn.2d 903, 410 P.2d 802 (1966); *Miller v. Cody*, 41 Wn.2d 775, 252 P.2d 303 (1953). In the absence of an emergency or unusual conditions, the following driver is negligent if he collides with the forward vehicle. *Flaks v. McCurdy*, 64 Wn.2d 49, 390 P.2d 545 (1964); *Miller v. Cody, supra*. RCW 46.60.230 provides, in part:

> Whenever, at any point, traffic is controlled by traffic control signals or signs exhibiting . . . different colored lights . . . said lights . . . shall indicate and apply to drivers of vehicles and pedestrians as follows:
>
> . . . .
>
> Flashing yellow: When a yellow lens is illuminated with rapid intermittent flashes, drivers of vehicles may proceed through the intersection or past such signal only with caution.

It is implicit in this statutory requirement that drivers stop at such signals when not to do so might be harmful to others. It therefore follows that all drivers approaching such signals are warned that forward vehicles, upon reaching the hazardous area, might stop in the interests of safety. Signals of this type are forewarnings of potentially dangerous conditions. Vehicular stops at such intersections are to be anticipated. At the very least, the reasonable, prudent motorist cannot claim surprise when

such a stop is made. We quote at length from *Miller v. Cody*, *supra*, at 778:

> Where two cars are traveling in the same direction, the primary duty of avoiding a collision rests with the following driver. In the absence of an emergency or unusual conditions, he is negligent if he runs into the car ahead. [Citing case.] The following driver is not necessarily excused even in the event of an emergency, for it is his duty to keep such distance from the car ahead and maintain such observation of that car that an emergency stop may be safely made. [Citing cases.]
>
> In the instant case, Cody [appellant] was not confronted with any situation approaching an emergency. *As the driver of the following car, he was chargeable with knowing that the car ahead, which was edging out into the cross-traffic of an intersecting street, might come to an abrupt stop.* He nevertheless failed to observe this event when it did occur, or at least did not maintain such distance or have such control of his car that he could avoid the collision. Accepting at face value appellant's account of how the accident occurred, we are therefore of the view that *the trial court did not err in holding appellant negligent as a matter of law.* (Italics ours.)

Defendant Bridges, the bus driver, testified that plaintiffs stopped abruptly and without warning. From this evidence, defendants contend that, in accordance with the rule set forth in *James v. Niebuhr*, 63 Wn.2d 800, 802, 389 P. 2d 287 (1964), the trial court properly submitted the issue of defendant's negligence to the jury. The plaintiff in that case was driving down an arterial highway and had stopped to allow cars to enter the arterial from an access road. The defendant, who contended that the plaintiff did not signal her intention to stop, struck plaintiff's vehicle from the rear. Reversing the trial court's ruling that the following driver was negligent as a matter of law, we said:

> [I]t was error to hold the defendant guilty of negligence as a matter of law, since, if the plaintiff stopped suddenly and without warning *at a place where a sudden stop was not to be anticipated,* the jury was entitled to find that the defendant was not traveling closer to the plaintiff or at a speed greater than reasonable care required under the circumstances. While the following driver has the

primary duty of avoiding an accident, he is not guilty of negligence as a matter of law, simply because he collides with a vehicle in front of him. [Citing cases.] (Italics ours.)

In the case at bar, however, from the following driver's point of view, plaintiffs' stop—sudden or otherwise—was to be anticipated. It is not only lead drivers who must heed traffic control signals; the followers, too, are charged with their luminous messages. Whatever message a flashing yellow light imports, it must include a warning that a sudden stop might there be made by a leading driver. 60 C.J.S. *Motor Vehicles* § 323 (1949) states:

> *When approaching a street intersection* a driver is bound to anticipate that a car ahead of him may be stopped by traffic signals or conditions, and may therefore be guilty of negligence in running into it when it does stop.

See, also, *Gleason v. Rhodes Center Pharmacy, Inc.*, 94 Ga. App. 439, 95 S.E.2d 293 (1956); *Greenberg v. Robertson-Stelling Corp.*, 127 Misc. 427, 216 N.Y.S. 340 (1926).

We hold that, under the facts of this case, defendant bus driver acted negligently as a matter of law. The trial court erred in submitting the issue to the jury.

■ The trial court also submitted to the jury the issue of plaintiffs' contributory negligence. Error is assigned to this action. Plaintiffs contend that they had a "right" to stop at the flashing yellow light; that such stop was "justified." From this premise they argue that, as a matter of law, they could not have been guilty of contributory negligence. Mr. Felder's admitted reason for stopping at the intersection was his misreading of the traffic signal. He testified, however, that *after* he had stopped, he noticed approaching traffic from either side upon the intersecting roadway. When asked how long he had been stopped before being struck from behind, he answered:

> I can not say definitely. . . . I know that I did have enough time to look to the right and look to the left . . . . I noticed that cars were coming from east and west on 25th into Pacific, so I would estimate that it must have been from 10 to 20 seconds that I was stopped before I was struck . . . .

Mr. Felder testified that he came to a gradual stop; and that he had been stopped for some 10 to 20 seconds before being struck by the bus. Defendant bus driver testified that plaintiffs' car came to an abrupt stop, without warning, and that this sudden stop occurred at a point a mere 90 feet in front of him. We hold that there was sufficient evidence to submit to the jury the issue of plaintiff driver's contributory negligence. The trial court did not err in submitting this issue.

Plaintiffs proposed the following "last clear chance" instruction:

> If you find the plaintiff was guilty of negligence which continued up to the time of the accident, but that the defendant *actually saw* the plaintiff in a position of peril and *thereafter* had time and opportunity to avoid the accident by the exercise of reasonable care, but failed to do so, then, under the doctrine of last clear chance, notwithstanding the negligence of the plaintiff, your verdict must be for the plaintiff. (Italics ours.)

■ Error is assigned to the court's refusal to give this instruction. The rule of last clear chance, as applied in Washington, has two phases. In the first, plaintiff's negligence may continue up to the time of impact *if the defendant actually sees the peril*; in the second, the plaintiff's negligence must have terminated or culminated in a situation of peril from which the plaintiff could not, by the exercise of reasonable care, extricate himself if the defendant did not actually see the peril, but by the exercise of reasonable diligence, should have seen it. *Thompson v. Titus Motor Co.*, 60 Wn.2d 372, 374 P.2d 177 (1962); *Coins v. Washington Motor Coach Co.*, 34 Wn.2d 1, 208 P.2d 143 (1949). Plaintiffs' requested instruction is clearly on the first phase of our last clear chance doctrine. The record is devoid of evidence that Bridges, the bus driver, actually saw the peril until he was approximately 90 feet from the plaintiffs' automobile, at which time, according to his uncontradicted testimony, he did all he could to avoid running into it. Where the defendant does not *actually see* the peril until it is too late to avoid the impact, the first phase of our last clear

chance doctrine does not apply. The fact that Bridges arguably *ought* to have seen the peril in time to prevent the collision does not raise an inference that he actually did see it. For a case exactly in point, see *Coins v. Washington Motor Coach Co., supra,* at p. 11. The trial court rightly refused to give plaintiffs' proposed instruction on the first phase of last clear chance.

Plaintiffs next assign error to the giving of the following instruction:

> You are instructed that the statutes of the State of Washington provide that no person shall stop or suddenly decrease the speed of a vehicle without first giving an appropriate signal to the driver of any vehicle immediately to the rear when there is opportunity to give such signal.

> Such signal shall be given by extending the hand and arm downward beyond the left side of the vehicle, or the signal may be given by a signal lamp or signal device.

> If the signal lamp attached to the brake pedal is used to give the stopping signal, it must be operated by the driver in such a manner that adequate notice of his intention to stop is given where there is opportunity to do so.

> Whether the signal device was so operated in the present case is a question of fact. Instruction No. 10.

Plaintiffs have a variety of objections to this instruction. Initially, they contend that it was improper to give any kind of instruction relating to the adequacy of a stop signal for the reason that, as a matter of law, Mr. Felder was not contributorily negligent. Having held that his negligence was a proper issue for jury determination, we pass on to the other objections to the instruction. RCW 46.60.120 provides in part:

> (1) Any stop or turn signal when herein required shall be given either by means of the hand and arm or by a signal lamp or lamps or mechanical signal device
> . . . .
>      . . . .
> (4)  . . . .
> (c) No person shall stop or suddenly decrease the speed of a vehicle without first giving an appropriate

signal in the manner provided herein to the driver of any vehicle immediately to the rear when there is opportunity to give such signal.

It is first claimed that the third paragraph of the given instruction is repetitious of the first paragraph, with prejudicial effect. We do not agree that there is needless repetition. The first paragraph is a correct statement of the law as prescribed by RCW 46.60.120(4)(c). The third paragraph properly instructed the jury on the adequacy of a stop signal when given with the brake pedal. Plaintiffs next contend that the instruction was erroneous because its last paragraph allowed the jury to speculate on whether a proper signal was given when all of the evidence indicated that there was no question, but that plaintiff driver had braked his automobile to a stop, and that defendant bus driver knew at the time that the forward automobile was stopping because he himself had testified: ". . . when I first noticed the car stopped is when its red lights illuminated, grew redder, and that was approximately two bus lengths ahead of me."

The contention seems to be that, since the bus driver admittedly *saw* the brake lights being illuminated, the jury should not be allowed to speculate on whether a signal was in fact given, which speculation the last paragraph of the instruction is said to permit. It is clear to us that the last paragraph instructs the jury to determine as a matter of fact, *not* whether the brake light was activated at all, but whether it was "operated in such a manner that adequate notice of his intention to stop" was given. It is possible that this paragraph might have confused the jury. Upon a new trial, the ambiguity in this instruction should be removed.

Finally, plaintiffs raise an argument in which they seem to imply a rule of law that, where a stop is in fact made at a place where such stop is to be anticipated, a stopping signal need not be given. Our attention has not been directed to authority for such a rule. Although an automobile driver need not signal a stop when he is obeying the command of a red light (*Jazbec v. Dobbs*, 55 Wn.2d 373, 347 P.2d 1054 (1960); *Billington v. Schaal*, 42 Wn.2d

878, 259 P.2d 634 (1953)), it does not follow that a stopping signal is unnecessary when the stop is made at a flashing yellow light. That a leading vehicle will stop at a red light is a virtual certainty. But it is far from certain that an automobile will stop at a flashing yellow signal.

Whether or not plaintiff driver was remiss in not giving an adequate stopping signal bears upon the issue of his contributory negligence. It is for the jury to determine from all the facts and circumstances of the case whether an adequate signal was given. With the exception of the slight ambiguity raised by the last paragraph, the trial court did not err in giving instruction No. 10.

Plaintiffs also assign error to the trial court's refusal to grant a new trial on grounds of misconduct by one of the jurors. Since we are remanding for a new trial, we see no need to discuss this alleged error.

Judgment is reversed and cause remanded for a new trial.

ROSELLINI, C. J., FINLEY, WEAVER, and HAMILTON, JJ., concur.