[No. 4949–3–III.   Division Three.   January 31, 1984.]

EZZAT MINA, ET AL, *Appellants,* v. BOISE CASCADE
CORPORATION, ET AL, *Respondents.*

*Richard R. Johnson* and *Nashem, Prediletto, Schussler*

& *Halpin,* for appellants.

*Robert R. Redman* and *Gavin, Robinson, Kendrick, Redman & Mays,* for respondents.

*Andrew Bohrnsen* and *Dennis Sweeney* on behalf of Grange Insurance Company, amici curiae.

McINTURFF, J.—Ezzat and Minerva Mina appeal and Hofstrand Logging Co. cross–appeals a jury verdict finding Hofstrand negligent and the Minas 85 percent comparatively negligent in a multivehicle accident.

On February 4, 1980, the Minas were driving down a hill, in fog, on Interstate 82, a 4–lane highway near Ellensburg. Visibility was about 100 feet.

Shortly thereafter, a Hofstrand truck, carrying its trailer piggyback, also traveled into the fog. The Hofstrand driver, seeing the Minas' taillights in the right–hand lane, swerved into the left lane, but in doing so the truck spun out. Its right rear tires struck the Mina vehicle causing it to strike the guardrail and come to rest sideways in the right–hand lane. The Hofstrand truck came to rest in the median strip. Mr. Mina said he unsuccessfully tried to restart his car and, fearful of a second impact or fire, exited the car.

Next, a flatbed truck belonging to the Palmer Lewis Co. entered the fog. The driver saw Mr. Mina standing by his car in the right–hand lane and moved into the left lane.

Seconds later, a Boise Cascade truck, with its trailer in piggyback position, arrived on the scene. The Boise Cascade driver saw the Mina vehicle in the right–hand lane and believed the Palmer Lewis truck was stopped in the left lane. He attempted to drive around the Mina vehicle on the right, but struck it in the rear, pushing it across the highway into the Palmer Lewis truck. The impact threw Mr. Mina 90 feet through the air. Both he and his wife sustained serious injuries. All parties to this appeal agree

only 10 seconds elapsed while these accidents occurred.

The Minas commenced suit against Hofstrand and Boise Cascade. The jury found Hofstrand was negligent and that Boise Cascade had not been negligent. The jury also found the Minas had been 85 percent comparatively negligent resulting in the total award being reduced to $57,150. This finding of comparative negligence was based on the jury's determination that the Minas either had been traveling at an unreasonably slow speed or had illegally parked or stopped their vehicle on the roadway.

First, the Minas contend the trial court erred in instructing the jury regarding the prohibition of parking upon a roadway. Based on RCW 46.61.560 the jury was instructed:

> You are instructed that a Washington statute provides:
> Outside of incorporated cities and towns no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the roadway.
> The above section shall not apply to the driver of any vehicle which is disabled in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving the vehicle in such position.

Instruction 11.

Several cases have construed RCW 46.61.560. In *Naranen v. Harders,* 1 Wn. App. 1014, 466 P.2d 521 (1970), the defendant's car stalled while making a U–turn and blocked a portion of the traveling lane. The defendant and his passenger were unable to push the car off the roadway without pushing it into a swamp. The plaintiffs' car collided with it 5 minutes later. The plaintiffs argued that since it was physically possible to push the car off the driving lane, RCW 46.61.560 placed the defendants under a duty to do so. This argument was rejected by the court:

> By plaintiff's contention, we are asked to construe the word "impossible" in its literal sense of "incapable of being done." Such a construction could, in our judgment, lead to absurd results if the roadway abutted a cliff or a lake or the like. We prefer to believe that the legislature intended the words "impossible" to mean "felt to be utterly impracticable" which is another acceptable defi-

nition. *Merriam–Webster Third Int'l Dictionary* 1136 (1969).

Implicit in the statute is some reasonable element of choice to avoid the absurdity of the extremes mentioned above.

*Naranen v. Harders, supra* at 1019.

In *Bradley v. Maurer,* 17 Wn. App. 24, 560 P.2d 719 (1977), Bradley rear–ended a car and his pickup came to rest with a portion of it over the center line. Maurer, traveling in the opposite direction, hit Bradley's door, causing the pickup to hit Bradley, who was standing in the middle of the road. Maurer sought to have the trial court instruct the jury that the driver of a vehicle parked on a highway must use reasonable care not to endanger others using the highway. This court held the trial court properly refused to give the instruction:

> First, this instruction was inappropriate in that RCW 46.61.560(2) expressly excludes "disabled" vehicles from its operation. Plaintiff's vehicle was disabled. Bradley did not "park" his pickup on the highway.

*Bradley v. Maurer, supra* at 33.

An instruction is proper if there is substantial evidence upon which it can be predicated. *Schroeder v. Taylor,* 70 Wn.2d 1, 422 P.2d 21 (1966). In determining whether there is substantial evidence to support the stopping instruction, we must view the evidence in a light most favorable to Hofstrand. *Baxter v. Greyhound Corp.,* 65 Wn.2d 421, 397 P.2d 857 (1964); *Naranen v. Harders, supra.*

Hofstrand relies on three portions of the record to support the giving of the instruction. First, Mr. Mina testified that after the first impact, he closed his eyes and kept them closed until the vehicle came to rest. Second, Mr. Mina's expert testified that the Mina vehicle was either driven or steered to its point of rest and that the car was capable of being steered. Third, a defense expert testified the car was totally operable when it came to rest.

The Mina vehicle had seconds earlier been struck from

the rear by a logging truck. Contrary to defense evidence that the Mina vehicle was mechanically operable, Mr. Mina testified his vehicle would not restart following the first impact. Mr. Mina said he was in fear of fire and being struck again because of fog and that because of these fears he had stepped from the vehicle with the thought of helping his wife from the car because her door would not open.

Looking at the totality of the circumstances, Mr. Mina had no reasonable choice other than to leave the vehicle where it was situated. In the words of *Naranen v. Harders, supra* at 1019, it was "utterly impracticable" to move the vehicle. Thus, the trial court improperly allowed the jury to speculate whether it was impossible under RCW 46.61.560 to avoid leaving the vehicle on the highway. After viewing the evidence in a light most favorable to Hofstrand, we hold the Mina vehicle was disabled as that term is used in the statute. RCW 46.61.560 does not apply. *Bradley v. Maurer, supra.*

Next, the Minas contend the trial court erred in instructing the jury on the slow speed statute. RCW 46.61-.400 provides in part:

> (1) No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. . . .
>
> . . .
>
> (3) The driver of every vehicle shall, consistent with the requirements of subsection (1) of this section, drive at an appropriate reduced speed when . . . special hazard exists with respect to pedestrians or other traffic or by reason of weather or highway conditions.

The Minas contend there is no factual basis in the record for the jury to determine they were traveling at an unreasonably slow speed.

Where a driver's vision is obscured, the jury's function is to determine whether the driver acted as a reasonable person in view of all the facts and circumstances. *Blaak v. Davidson,* 84 Wn.2d 882, 529 P.2d 1048 (1975).

In the present case, the jury heard differing versions of

the conditions present when this accident occurred. The Boise Cascade driver testified 42 miles per hour was a safe speed through the fog. The investigating state trooper testified that 50 miles per hour under the conditions was a safe speed. The Palmer Lewis driver testified a safe speed was between 40 and 45 miles per hour. An accident reconstructionist testified the Mina vehicle was traveling at 28 miles per hour. Another expert testified the Mina vehicle could have been proceeding as slowly as 25 miles per hour.

After hearing this evidence and considering all the facts and circumstances, the jury could have concluded that Mr. Mina was traveling at an unreasonably slow speed. Where there is evidence presented from which reasonable minds might differ, it is not error to submit the issue of the driver's negligence or contributory negligence to the jury. *Christensen v. Grays Harbor Cy.*, 34 Wn.2d 878, 210 P.2d 693 (1949).

In its cross appeal, Hofstrand contends the trial court erred in instructing the jury on comparative negligence rather than contributory negligence. It argues that the tort reform act specifically repealed the comparative negligence statute, RCW 4.22.010.

The present action occurred on February 4, 1980. At that time, comparative negligence was the law. RCW 4.22.010. The tort reform act became effective on July 26, 1981. Laws of 1981, ch. 27, § 15. Section 17 of the same act provided that the comparative negligence statute, RCW 4.22.010, is hereby repealed.

Any confusion in this statutory scheme was eliminated when the 1982 Legislature amended chapter 27, section 15, and added new section 3:

> In accordance with section 15(1), chapter 27, Laws of 1981, the repeal of RCW 4.22.010 by section 17, chapter 27, Laws of 1981 applies only to claims arising on or after July 26, 1981. *RCW 4.22.010 shall continue to apply to claims arising prior to July 26, 1981.*

(Italics ours.) Laws of 1982, ch. 100, § 3.

The present cause of action arose prior to the effective

date of the tort reform act. Pursuant to that act, comparative negligence was the law to be applied to all cases arising before the act's effective date. There was no error in instructing the jury on comparative rather than contributory negligence. *See Glover v. Tacoma Gen. Hosp.,* 98 Wn.2d 708, 658 P.2d 1230 (1983).

The jury's verdict did not state whether its finding that Mr. Mina was contributorially negligent was based upon his proceeding too slowly and thus in violation of RCW 46.61-.400, whether its finding was based on a violation of RCW 46.61.560, or whether its finding was based on a violation of both statutes. Hence, the case must be remanded for a new trial with proper instructions.

 The Minas maintain the liability issue is severable from the damages question and therefore only the former issue requires retrial. We agree. The historical rule is that "a limited new trial" should be granted only where the verdict is "clearly free from compromise." *Myers v. Smith,* 51 Wn.2d 700, 704, 321 P.2d 551 (1958). However, in *Crawford v. Miller,* 18 Wn. App. 151, 154, 566 P.2d 1264 (1977), the court reasoned:

> Heretofore, when contributory negligence was a total defense, the practice was to grant a retrial of the damage issue when the error concerned liability in a close case because of the likelihood of a compromise verdict. *Shaw v. Browning,* 59 Wn.2d 133, 367 P.2d 17 (1961). It was felt that in such a case, the jury fashioned its own comparative negligence rule. V. Schwartz, *Comparative Negligence* § 21.1 (1974). That problem has been eliminated, it is said, by the adoption of the comparative negligence formula, RCW 4.22.010, and use of the special verdict form. Prosser, *Comparative Negligence,* 51 Mich. L. Rev. 465 (1953); Haugh, *Comparative Negligence: A Reform Long Overdue,* 49 Ore. L. Rev. 38 (1969). Justice does not require resubmission of the entire case to the jury where the award is not so low as to, by itself, justify a new trial, because the jury has the opportunity to decide the liability and damage issues separately without facing the uncomfortable results often required by the application of the harsh contributory negligence rule.

*Accord, Rathvon v. Columbia Pac. Airlines,* 30 Wn. App. 193, 212, 633 P.2d 122 (1981). As in *Crawford,* since the jury was instructed on comparative negligence, it had the opportunity to decide the liability and damages issues separately and "without facing the uncomfortable results" of using the contributory negligence rule.

Lastly, the Minas contend the judgment as to Mrs. Mina is final since only Mr. Mina's claim was appealed. We disagree. Hofstrand cross–appealed the entire judgment, and a finding by the jury on remand that Hofstrand was not a proximate cause of the injuries would prevent an award of damages to Mrs. Mina on any theory urged to the trial court.

Accordingly, the judgment of the Superior Court is reversed; the case is remanded for a new trial on the issue of liability only.

MUNSON, C.J., and GREEN, J., concur.

After modification, further reconsideration denied May 3, 1984.

Review granted by Supreme Court July 13, 1984.